## T. S. HENDERSON v. S. SAMUELS.

### No. 610.

1. **Waiver—Vendor's Lien.**—The burden of proof lies upon one alleging a waiver of the vendor's lien. Such fact may be established by circumstantial evidence. See testimony held insufficient to prove waiver.

2. **Rescission of Contract for Sale of Land by Vendor.**—A vendor can not rescind a contract for sale of land against the holder of a vendor's lien note given by a subvendee to the original vendee from whom the holder obtained such note, without demand and notice by vendor to such holder.

3.  **Agreed Facts—Presumptions.**—Where the trial court acts upon an agreed statement of facts, and there is no conflict in the testimony, no presumptions are indulged to support such judgment, as are if rendered upon a verdict of a jury.

APPEAL from Milam.   Tried below before Hon. E. L. ANTHONY, Special District Judge.

*Henderson & Streetman*, for appellant.—Neither a sale by a vendee with the knowledge and consent of the vendor, nor a failure to sue the original vendee, nor the acceptance of an increased rate of interest by the vendor, nor the assumption of the vendor's debt by the vendee's vendee, nor any other act, will constitute a waiver of the vendor's superiority of lien, unless it be clearly shown that such act was done with the purpose and intention of making a waiver.

*B. H. Rice* and *F. M. Boyles*, for appellee.—While the burden of proof rests upon him who asserts a waiver of a vendor's lien, still this may be met by circumstantial as well as direct evidence.   The same being a question of intention of the parties which may be deduced from all the facts and circumstances in evidence, a waiver will be implied whenever such circumstances are sufficiently cogent to show such intention on the part of the vendor.   Hobby's Land Law, sec. 1411; Irvin v. Garner, 50 Texas, 49; Cannon v. Bonner, 38 Texas, 488; Brown v. Christie, 35 Texas, 689; Dibrell v. Smith, 49 Texas, 474.

KEY, ASSOCIATE JUSTICE.—Appellee instituted this suit against A. E. Laughridge upon a promissory note for $317.50 and interest, payable to William Irwin, alleged to be secured by a vendor's lien on certain real property and to have been transferred to appellee.  Appellant, Henderson, was made a party defendant, and appellee asked for a foreclosure of his lien against Henderson, as well as Laughridge.

Henderson answered, stating that he had formerly sold the land to William Irwin in consideration of three promissory notes, aggregating the sum of $1600, each drawing interest at the rate of 10 per cent per annum; that thereafter Irwin sold the land to the defendant Laughridge, who assumed the payment of the three notes owing by Irwin to Henderson, and agreed to pay interest thereon at the rate of 12 per cent per annum from January 1, 1886; that, after the maturity of said notes, and the failure of Irwin and Laughridge to pay them, he, Henderson, rescinded said sales and repossessed himself of the lands so conveyed.

The appellee, by supplemental petition, alleged that the note sued on was part of the consideration for the sale of the land in question from Irwin to Laughridge; that said note is secured by an express lien retained therein and in the deed from Irwin to Laughridge; that Hen-

derson had notice of said sale and consented to the same, etc. Appellee also averred that appellant had had possession of the premises in controversy since the 1st day of January, 1887, the rental value of which is alleged to be $195 per annum.

The case was tried in the court below upon an agreed statement of facts, which was reduced to writing and filed before the trial began, and which is as follows:

It is agreed by and between the plaintiff and the defendant, T. S. Henderson, that the following are the material facts in this case:

1. T. S. Henderson, by deed, dated and delivered 7th day of February, 1885, conveyed to William Irwin · the land described in the pleadings, and in consideration therefor said Irwin executed and delivered to said Henderson at the same time his three notes, all dated 7th of February, 1885, one for $500, due 1st of January, 1886, and bearing interest from maturity at the rate of 10 per cent per annum, and two for $550 each, due respectively 1st of January, 1887, and 1st of January, 1888, and bearing interest from date at the rate of 10 per cent per annum. The interest on said notes was made payable annually, and said notes were fully described in said deed. The vendor's lien was expressly retained on said land in the said notes and in the said deed, to secure the payment of the said three notes.

2. On the 31st of October, 1885, said William Irwin conveyed the said land to A. E. Laughridge, the consideration being stated as follows: Two thousand dollars, paid us by A. E. Laughridge as follows: He assumes the payment to T. S. Henderson of William Irwin's note for $500 and two notes for $550 each, together with interest (said notes to bear 12 per cent interest after the 1st of January, 1886), executed by Irwin to Henderson on the 7th of February, 1885, and described in Henderson's deed to Irwin, to which reference is made, and said Laughridge note of this date to William Irwin for $317.50, the same sued on, due 1st of January, 1888, and bears interest from date at the rate of 10 per cent per annum, all notes secured by vendor's lien on hereinafter described land.

3. That said notes of Henderson nor any part of them have been paid, except $150, paid about the 7th of February, 1886, which is credited on the interest.

4. That said Samuels is now the holder of said $317 note, having obtained the same by transfer from said Irwin on the 15th day of September, 1886, for a valuable consideration, and no part of it has been paid. About January 1, 1887, A. E. Laughridge, having failed to make any further payment, and not intending to make any, abandoned said premises, and about the 5th of January, 1887, said Henderson took possession thereof and claimed a rescission and cancellation of said sale by him.

5. On the 5th day of January, 1887, said Henderson conveyed said land to J. F., W. F., Clarke, and C. L. Burke, who promised to pay $1750 therefor in different payments, but never paid anything, and reconveyed the place to him, October 11, 1887. Henderson conveyed said land to Karl and John Gelner on the 21st of April, 1888, and they promised to pay $2000, but did not pay it, and afterwards, in November, 1888, reconveyed said land to said Henderson.

6. Said Henderson has had possession of said land during the years 1889, 1890, and 1891, and has paid the taxes and kept same in repair, and the rent for said years, after paying said expenses, was $75 per annum.

7. Said deed to Irwin, and said deed to Laughridge, and said deeds from Henderson to Karl and John Gelner and J. F. Burke and others, were never recorded.

8. It is admitted that the $317.50 note sued upon herein, expressed a vendor's lien upon said land described in plaintiff's petition, and that the deed from Irwin to Laughridge recited that said note was a vendor's lien on said land, as were the three other notes, as recited in section 2.

9. It is admitted that said Thos. S. Henderson, at the time said deed from Irwin to Laughridge was executed and said note given by Laughridge to Irwin, as shown in said deed of conveyance, had notice of said trade and said deed and note, and that before said Henderson took possession of said place from said Laughridge, he notified Laughridge, Irwin, and Samuels of his intention of so doing, but that Samuels never received said notification until after said Henderson had repossessed himself of said place, he being absent from home at the time.

10. It is admitted that the said land described in plaintiff's petition, during the years 1887 and 1888, was of the rental value, over and above expenses, of $75, but that Henderson received nothing therefor, the vendees not paying anything, and claiming to have grubbed prickly pear roots to the value of the rent.

The foregoing agreed statement is adopted by this court as conclusions of fact.

The District Court rendered judgment for Samuels for the amount due on the note for $317.50, and for Henderson for the amount due on the three notes executed by Irwin and assumed by Laughridge, less $150, and allowing Henderson no interest after January 1, 1887. All the notes were held to be equally secured by liens on the land, and said liens were foreclosed. Henderson has appealed.

*Opinion.*—We can not agree with the trial court in its conclusion, that the foregoing facts show that Henderson had waived the superiority of his lien on the land, and consented that the note executed by Laughridge to Irwin should stand upon equality with those executed

by Irwin to him. The burden rested upon appellee to show such waiver; and while that, like other facts, may be proved by circumstantial evidence, the testimony in this case is as consistent with the theory that Henderson had not, as that he had, waived his priority of lien.

The court below correctly held that appellee had notice of appellant's rights, and that by the acquisition of the note sued on he acquired no other rights than those possessed by Irwin before the note was transferred.

Upon what ground then could Irwin, if the litigation had been between appellant and him, have resisted appellant's claim of priority? Appellant's lien is the older of the two; neither was recorded; it is not shown that appellant ever agreed that they should rest upon an equality. Then, what are the facts from which a waiver of priority can be inferred? That appellant knew of and consented to the sale from Irwin to Laughridge; knew that Laughridge had assumed the payment of Irwin's notes to him; received $150 thereon from Laughridge, and failed to bring suit on the notes as soon as he might have done, do not tend to show that appellant waived any right secured to him in the deed executed by him to Irwin and in the notes executed by Irwin to him. It is not shown that appellant was in anywise responsible for the recitals and stipulations in the deed from Irwin to Laughridge. But if he had written the deed, what difference would it make? It merely declares that all the notes—the three executed by Irwin to appellant and assumed by Laughridge, and the one executed by Laughridge to Irwin—are secured by vendor's lien on the land, without attempting to determine any question of priority.

But Laughridge agreed to pay appellant 12 instead of 10 per cent interest on the Irwin notes; and the contention is, that this agreement, together with appellant's consent thereto, is evidence of a waiver of his right of priority. As to what was the consideration for the agreement to pay the increased rate of interest, the record is silent.

But must it therefore be inferred that the consideration was the waiver in question? If in reasonable probability said waiver was the only thing that could have been the consideration for the agreement to pay the additional interest, then such inference would be warranted. But other considerations, more reasonable than the alleged waiver, could have prompted the agreement as to interest. For instance, in consideration of the additional interest appellant may have agreed to extend the time of payment.

As this case was tried upon an agreed statement of facts, and as there is no conflict in the testimony, we do not consider that the general rule, which attaches to the court's findings on the evidence the same effect, on appeal, that is given to the verdict of a jury, should apply.

Under the facts of this case, we do not think appellant had the right, as against the holder of the note from Laughridge to Irwin, to rescind the sale and repossess the land.    In fact, in all respects other than on the question of priority of liens, we concur with the rulings made by the court below.

The judgment will be reformed so as to accord appellant's lien priority over appellee's; and as thus modified, it will be affirmed.    The costs of this appeal to be paid by appellee, Samuels.

*Reformed and affirmed.*

Delivered March 7, 1894.